## No. 10,508.

## CONTOS v. DARROW, ADMINISTRATOR.

Decided December 3, 1923.

Action for contribution.   Judgment for plaintiff.

### *Affirmed.*

1.  APPEAL AND ERROR—*New Issue.* The question of the execution of a bond, not having been made an issue in the trial court, will not be considered on review.

2.  EVIDENCE—*Lost Document—Copy.* In an action on bonds, showing of loss of the original instruments held sufficient to permit the introduction of copies over the general objection, that the loss had not been sufficiently shown.

*Error to the District Court of the City and County of. Denver, Hon. Warren A. Haggott, Judge.*

Mr. HENRY E. MAY, Mr. A. J. GOULD, JR., for plaintiff in error.

Mr. HARRY S. SILVERSTEIN, Mr. C. W. DARROW, for defendant in error.

*Department One.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

WILLIAM H. ROHRER, Frank P. Fortune, and Nick Contos, plaintiff in error, were sureties upon two recognizance bonds upon which the principals in said bonds were temporarily released from the state penitentiary.   The prin-

cipals having failed to comply with the conditions of the bond, an action was begun by the people against the said sureties on the bonds, which were in the sum of $7500.00 each. Only William H. Rohrer was served, and he, having died intestate, Charles W. Darrow was appointed administrator of his estate, and was substituted for him in said action. Judgment was entered against the defendant Darrow for $15,000.00 and costs. He then brought suit against Contos and Fortune for contribution. The case was tried and judgment was rendered against them for $12,500.00 and costs. Defendant Contos alone prosecutes this writ of error.

The principal grounds for reversal urged are that there is no proof that Contos ever signed the bail bonds, and that copies of the bonds were admitted in evidence without sufficient proof of their loss.

Plaintiff in error contends that the execution of the bonds was put in issue by a general denial in the answer, and that the plaintiff failed to prove the signing by Contos. The original answer of Contos contains a special denial "that said William H. Rohrer signed the bond * * * as surety with this defendant." The general denial was of every allegation "not herein specifically admitted or denied." In the amended answer Contos alleged that he never had an agreement with Rohrer by which the latter signed said bond as a cosurety; that Rohrer never signed as cosurety with defendant, and that if Rohrer ever signed the bond in any capacity he did it without defendant's knowledge and consent.

Defendant having objected that in copies of the bonds set out in the complaint Rohrer's name appeared after the word "sureties," plaintiff asked leave to amend to conform to the proof, and counsel for defendant objected "for the reason that William H. Rohrer having signed two or three days after Fortune and Contos signed, the copies set up in the complaint are more apt to be correct than the copies set up in the complaint marked "Exhibit A." This

exhibit is the complaint in the action by the people against the three sureties.

From the foregoing it is evident that the counsel who appeared for the defendant at the trial—another counsel appearing in this court—did not regard the execution of the bonds as in issue. Indeed, in several expressions on the trial, he concedes that the bonds were signed as alleged. Not having been made an issue at the trial, it cannot be considered here.

The second objection, i. e., that the loss of the bonds was not proved, is without merit. Counsel contend that it was necessary to show by the testimony of the clerk of the court that the bonds could not be found in his office. That was not necessary. Two witnesses testified that they assisted the clerk in a search for the bonds, and that they were not found. If the testimony of the clerk was necessary, a specific objection to that effect should have been made. There was testimony of a fruitless search in two other offices, where it was reasonable to suppose that the bonds might be, and the objection to the introduction of copies was general, that the loss had not been sufficiently shown. There was no error in admitting the copies in evidence.

There is a further objection made that the court erred in entering a joint and several judgment against the two defendants, but as the defendant in error is willing to remit one-half of the judgment, viz., $6,250, that question need not be considered. The judgment will be reduced to $6,250, and one-half of the costs, and, as thus modified, is affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE BURKE concur.